# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

Deborah Laufer

        Plaintiff,

v.

233 E. Ontario Hotel Propco LLC,

        Defendant.

Case No.: 1:20−cv−04593

Honorable Elaine E. Bucklo

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, 233 E. ONTARIO HOTEL PROPCO LLC, ("**Defendant**") by and through its attorneys, LEWIS BRISBOIS BISGAARD & SMITH, LLP, for its Answer and Affirmative Defenses to the complaint of Plaintiff, Deborah Laufer ("**Plaintiff**"), states as follows:

### PARTIES

1. Plaintiff is a resident of Pasco County, Florida, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is unable to engage in the major life activity of walking more than a few steps without assistive devices. Instead, Plaintiff is bound to ambulate in a wheelchair or with a cane or other support and has limited use of her hands. She is unable to tightly grasp, pinch and twist of the wrist to operate. Plaintiff is also vision impaired. When ambulating beyond the comfort of her own home, Plaintiff must primarily rely on a wheelchair. Plaintiff requires accessible handicap parking spaces located closet to the entrances of a facility. The handicap and access aisles must be of sufficient width so that she can embark and disembark from a ramp into her vehicle. Routes connecting the handicap spaces and all features, goods and services of a facility must be level, properly sloped, sufficiently wide and without

1

cracks, holes or other hazards that can pose a danger of tipping, catching wheels or falling. These areas must be free of obstructions or unsecured carpeting that make passage either more difficult or impossible. Amenities must be sufficiently lowered so that Plaintiff can reach them. She has difficulty operating door knobs, sink faucets, or other operating mechanisms that tight grasping, twisting of the wrist or pinching. She is hesitant to use sinks that have unwrapped pipes, as such pose a danger of scraping or burning her legs. Sinks must be at the proper height so that she can put her legs underneath to wash her hands. She requires grab bars both behind and beside a commode so that she can safely transfer and she has difficulty reaching the flush control if it is on the wrong side. She has difficulty getting through doorways if they lack the proper clearance.

**ANSWER**: Defendant lacks sufficient information to admit or deny the allegations in the foregoing paragraph of Plaintiff's Complaint, and therefore denies the same and demands strict proof thereof.

2. Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation and their websites are in compliance with the ADA.

**ANSWER**: Defendant lacks sufficient information to admit or deny the allegations in the foregoing paragraph of Plaintiff's Complaint, and therefore denies the same and demands strict proof thereof.

3. According to the county property records, Defendant owns a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that the Defendant owns is a place of lodging known as IVY HOTEL, 233 E Ontario St., Chicago, IL 60611, and is located in the County of COOK (hereinafter "Property").

**ANSWER**: Defendant admits that Defendant owns the Property so identified. As to the balance of the allegations, Defendant neither admits nor denies the allegations as alleged in the foregoing paragraph of Plaintiff's Complaint as they concern legal conclusions.

4. Venue is properly located in the NORTHERN DISTRICT OF ILLINOIS because the injury occurred in this district.

**ANSWER**: Defendant neither admits nor denies the allegations as alleged in the foregoing paragraph of Plaintiff's Complaint as they concern legal conclusions.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

**ANSWER**: Defendant neither admits nor denies the allegations as alleged in the foregoing paragraph of Plaintiff's Complaint as they concern legal conclusions.

6. As the owner of the subject place of lodging, Defendant is required to comply with the ADA. As such, Defendant is required to ensure that it's place of lodging is in compliance with the standards applicable to places of public accommodation, as set forth in the regulations promulgated by the Department Of Justice. Said regulations are set forth in the Code Of Federal Regulations, the Americans With Disabilities Act Architectural Guidelines ("ADAAGs"), and the 2010 ADA Standards, incorporated by reference into the ADA. These regulations impose requirements pertaining to places of public accommodation, including places of lodging, to ensure that they are accessible to disabled individuals.

**ANSWER**: Defendant neither admits nor denies the allegations as alleged in paragraph 4 of Plaintiff's Complaint as they concern legal conclusions.

7. More specifically, 28 C.F.R. Section 36.302(e)(1) imposes the following

requirement: Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party – (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms; (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs; (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type; (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and (v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

**ANSWER**: Defendant neither admits nor denies the allegations as alleged in the foregoing paragraph of Plaintiff's Complaint as they concern legal conclusions.

8. These regulations became effective March 15, 2012.

**ANSWER**: Defendant admits only that the foregoing statement appears to be a recital of the contents of a portion of public law.

9. Defendant, either itself or by and through a third party, implemented, operates, controls and or maintains websites for the Property which contains an online reservations system. These websites are located at hotels.com, booking.com, orbitz.com, priceline.com, agoda.com,

4

trip.com and expedia.com. This term also includes all other websites owned and operated by Defendant or by third parties to book or reserve guest accommodations at the hotel. The purpose of these websites is so that members of the public may reserve guest accommodations and review information pertaining to the goods, services, features, facilities, benefits, advantages, and accommodations of the Property. As such, these websites are subject to the requirements of 28 C.F.R. Section 36.302(e).

**ANSWER**: Defendant admits that Defendant owns the Property and maintains a website through which it books reservations for persons intending to patronize the business at its Property. As to the balance of the allegations, Defendant neither admits nor denies the allegations as alleged in the foregoing paragraph of Plaintiff's Complaint as they concern legal conclusions. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in the foregoing paragraph of Plaintiff's Complaint, and therefore denies the same and demands strict proof thereof.

10. Prior to the commencement of this lawsuit, Plaintiff visited the websites on multiple occasions for the purpose of reviewing and assessing the accessible features at the Property and ascertain whether they meet the requirements of 28 C.F.R. Section 36.302(e) and her accessibility needs. However, Plaintiff was unable to do so because Defendant failed to comply with the requirements set forth in 28 C.F.R. Section 36.302(e). As a result, Plaintiff was deprived the same goods, services, features, facilities, benefits, advantages, and accommodations of the Property available to the general public. Specifically, expedia.com did not comply with the Regulation because it did not identify accessible rooms, did not allow for booking of accessible rooms and provided insufficient information as to whether the rooms or features at the hotel are accessible; hotel amenities, room types and amenities are all listed in detail; no information was given about

5

accessibility in the hotel other than the statements "Accessible bathroom", "Wheelchair-accessible parking", and "In-room accessibility". Hotels.com did not comply with the Regulation because it did not identify accessible rooms, did not allow for booking of accessible rooms and provided insufficient information as to whether the rooms or features at the hotel are accessible; hotel amenities, room types and amenities are all listed in detail; no information was given about accessibility in the hotel other than the statements "Accessible bathroom", "Wheelchair-accessible parking", and "In-room accessibility". Booking.com did not comply with the Regulation because it did not identify accessible rooms, did not allow for booking of accessible rooms and provided insufficient information as to whether the rooms or features at the hotel are accessible; hotel amenities, room types and amenities are all listed in detail; no information was given about accessibility in the hotel other than the statement "Facilities for disabled guests". Orbitz.com did not comply with the Regulation because it did not identify accessible rooms, did not allow for booking of accessible rooms and provided insufficient information as to whether the rooms or features at the hotel are accessible; hotel amenities, room types and amenities are all listed in detail; no information was given about accessibility in the hotel other than the statements "Accessible bathroom", "Wheelchair-accessible parking", and "In-room accessibility". Priceline.com did not comply with the Regulation because it did not identify accessible rooms, did not allow for booking of accessible rooms and provided insufficient information as to whether the rooms or features at the hotel are accessible; hotel amenities, room types and amenities are all listed in detail; no information was given about accessibility in the hotel other than the statements "Accessible rooms/facilities" and "Handicapped rooms/facilities". Agoda.com did not comply with the Regulation because it did not identify accessible rooms, did not allow for booking of accessible rooms and provided insufficient information as to whether the rooms or features at the hotel are

accessible; hotel amenities, room types and amenities are all listed in detail; no information was given about accessibility in the hotel other than the statement "Facilities for disabled guests". Trip.com did not comply with the Regulation because it did not identify accessible rooms, did not allow for booking of accessible rooms and provided insufficient information as to whether the rooms or features at the hotel are accessible; hotel amenities, room types and amenities are all listed in detail; no information was given about accessibility in the hotel other than the statement "Accessible rooms".

**ANSWER**: Defendant lacks sufficient information to admit or deny the allegations in the foregoing paragraph of Plaintiff's Complaint, and therefore denies the same and demands strict proof thereof.

11. In the near future, Plaintiff intends to revisit Defendant's online reservations system in order to test it for compliance with 28 C.F.R. Section 36.302(e). In this respect, Plaintiff maintains a system to ensure that she revisits the online reservations system of every hotel she sues. By this system, Plaintiff maintains a list of all hotels she has sued with several columns following each. She continually updates this list by, among other things, entering the dates she did visit and plans to again visit the hotel's online reservations system. With respect to each hotel, she visits the online reservations system multiple times prior to the complaint being filed, then visits again shortly after the complaint is filed. Once a judgment is obtained or settlement agreement reached, she records the date by which the hotel's online reservations system must be compliant and revisits when that date arrives.

**ANSWER**: Defendant lacks sufficient information to admit or deny the allegations in the foregoing paragraph of Plaintiff's Complaint, and therefore denies the same and demands strict proof thereof.

7

12. Plaintiff is continuously aware that the subject websites remain non-compliant and that it would be a futile gesture to revisit the websites as long as those violations exist unless she is willing to suffer additional discrimination.

**ANSWER**: Defendant lacks sufficient information to admit or deny the allegations in the foregoing paragraph of Plaintiff's Complaint, and therefore denies the same and demands strict proof thereof.

13. The violations present at Defendant's websites infringe Plaintiff's right to travel free of discrimination and deprive her of the information required to make meaningful choices for travel. Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendant's website. By continuing to operate the websites with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendant's website, and knowing that it would be a futile gesture to return to the websites unless she is willing to endure additional discrimination, Plaintiff is deprived of the same advantages, privileges, goods, services and benefits readily available to the general public. By maintaining a websites with violations, Defendant deprives Plaintiff the equality of opportunity offered to the general public. Defendant's online reservations system serves as a gateway to its hotel. Because this online reservations system discriminates against Plaintiff, it is thereby more difficult to book a room at the hotel or make an informed decision as to whether the facilities at the hotel are accessible.

**ANSWER**: Defendant neither admits nor denies the allegations as alleged in the foregoing paragraph of Plaintiff's Complaint as they concern legal conclusions. To the extent a response is

required, Defendant lacks sufficient information to admit or deny the allegations in the foregoing paragraph of Plaintiff's Complaint, and therefore denies the same and demands strict proof thereof.

14. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to modify its websites to comply with the requirements of the ADA and to continually monitor and ensure that the subject websites remains in compliance.

**ANSWER**: Defendant neither admits nor denies the allegations as alleged in the foregoing paragraph of Plaintiff's Complaint as they concern legal conclusions. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in the foregoing paragraph of Plaintiff's Complaint, and therefore denies the same and demands strict proof thereof.

15. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to these websites. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant.

**ANSWER**: Defendant neither admits nor denies the allegations as alleged in the foregoing paragraph of Plaintiff's Complaint as they concern legal conclusions. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in the foregoing paragraph of Plaintiff's Complaint, and therefore denies the same and demands strict proof thereof.

16. The Defendant has discriminated against the Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject website.

**ANSWER**: Defendant neither admits nor denies the allegations as alleged in the foregoing paragraph of Plaintiff's Complaint as they concern legal conclusions. To the extent a response is

required, Defendant lacks sufficient information to admit or deny the allegations in the foregoing paragraph of Plaintiff's Complaint, and therefore denies the same and demands strict proof thereof.

17. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

**ANSWER**: Defendant neither admits nor denies the allegations as alleged in the foregoing paragraph of Plaintiff's Complaint as they concern legal conclusions. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in the foregoing paragraph of Plaintiff's Complaint, and therefore denies the same and demands strict proof thereof.

18. Defendant has discriminated against the Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302(e). Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

**ANSWER**: Defendant neither admits nor denies the allegations as alleged in the foregoing paragraph of Plaintiff's Complaint as they concern legal conclusions. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in the foregoing paragraph of Plaintiff's Complaint, and therefore denies the same and demands strict proof thereof.

19. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

**ANSWER**: Defendant neither admits nor denies the allegations as alleged in the foregoing paragraph of Plaintiff's Complaint as they concern legal conclusions. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in the foregoing paragraph of Plaintiff's Complaint, and therefore denies the same and demands strict proof thereof.

20. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the subject websites to make them readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA and 28 C.F.R. Section 36.302(e); or by closing the websites until such time as the Defendant cures its violations of the ADA.

**ANSWER**: Defendant neither admits nor denies the allegations as alleged in the foregoing paragraph of Plaintiff's Complaint as they concern legal conclusions. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations in the foregoing paragraph of Plaintiff's Complaint, and therefore denies the same and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

NOW COMES the Defendant, 233 E. ONTARIO HOTEL PROPCO LLC, and asserts the following Affirmative Defenses without assuming any burden of proof and persuasion that would otherwise remain with the Plaintiff to the Plaintiff's Complaint and states as follows:

### First Separate and Affirmative Defense

### (Failure to State a Claim)

Plaintiff's Complaint and each and every claim contained therein fails to state facts sufficient to state a claim upon which relief may be granted.

### Second Separate and Affirmative Defense

**(Lack of Standing)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered harm and, therefore, Plaintiff lacks standing. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).

### Third Separate and Affirmative Defense

**(Statute of Limitations)**

Defendant is informed and believes and thereon alleges that Plaintiff's claims as contained in the Complaint are barred by the applicable statutes of limitations.

### Fourth Separate and Affirmative Defense

**(Waiver)**

Defendant is informed and believes and thereon alleges that Plaintiff has waived any and all claims that Plaintiff may have had or has against Defendant arising from the transactions and/or occurrences contained in the Complaint.

### Fifth Separate and Affirmative Defense

**(Estoppel)**

Defendant is informed and believes and thereon alleges that Plaintiff is estopped by Plaintiff's own conduct from asserting any and all claims Plaintiff may have had or has against Defendant arising from the transactions and/or occurrences contained in the Complaint.

### Sixth Separate and Affirmative Defense

**(Doctrine of Laches)**

Defendant is informed and believes and thereon alleges that Plaintiff's Complaint is barred in its entirety, by the Doctrine of Laches.

### Seventh Separate and Affirmative Defense

**(Unclean Hands)**

Defendant is informed and believes and thereon alleges that Plaintiff's Complaint is barred, in its entirety, by the doctrine of unclean hands.

### Eighth Separate and Affirmative Defense

### (Alternative Methods)

Defendant is informed and believes and thereon alleges based upon information and belief that it and other third parties provide persons with disabilities alternatives to barrier removal by providing access by alternative methods.

### Nineth Separate and Affirmative Defense

### (No Standing for Barriers Not Affecting Plaintiff's Disability)

Plaintiff lacks standing to seek relief for barriers not affecting her disability.

### Tenth Separate and Affirmative Defense

### (Failure to Plead with Certainty and Particularity)

The allegations of the Complaint, and each purported cause of action contained therein, are not pled with sufficient particularity and are uncertain, vague, ambiguous and unintelligible.

### Eleventh Separate and Affirmative Defense

### (Undue Burden)

Some or all of the barrier removal proposed by Plaintiff would result in an undue burden for Defendant.

### Twelfth Separate and Affirmative Defense

### (Failure to Mitigate Damages)

Defendant alleges upon information and belief that Plaintiff has failed to act reasonably to mitigate any damages that Plaintiff has alleged in this action, if any at all.

### Thirteenth Separate and Affirmative Defense

### (Reasonable Portions of Facility Accessible)

Defendant is informed and believes and thereon alleges that the facility does not violate any codes, laws, regulations, or provisions alleged in Plaintiff's Complaint by reason that a reasonable portion of the facility and accommodations normally sought and used by the public are accessible to and useable by Plaintiff and other persons with disabilities.

### Fourteenth Separate and Affirmative Defense

### (Failure to Request Modification to Policies, Practices, or Procedures)

Defendant alleges that Plaintiff is unable to obtain injunctive relief regarding changes to Defendant's policies, practices, or procedures because Plaintiff failed to plead that Plaintiff requested of Defendant any specific and reasonable modification to a policy, practice, or procedure as required by relevant law to obtain such relief and/or that Defendant declined that request.

### Reservation of Rights for Additional Affirmative Defenses

Defendant reserves the right to affirmatively assert additional affirmative defenses in the event discovery indicates it would be appropriate.

Date: August 31, 2020

By: /s/ Mary A. Smigielski
      Attorneys for Defendant

Mary A. Smigielski
Kenneth D. Walsh
LEWIS BRISBOIS BISGAARD & SMITH LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
312.463.3377
Mary.Smigielski@lewisbrisbois.com
Kenneth.Walsh@lewisbrisbois.com

Stephen E. Abraham, California State Bar # 172054
LEWIS BRISBOIS BISGAARD & SMITH LLP
650 Town Center Drive, Suite 1400
Costa Mesa, CA 92626
Telephone: 714.668.5562
Facsimile: 714.850.1030
E-Mail: Stephen.Abraham@lewisbrisbois.com
*Pro Hac Application to be Submitted*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 31, 2020 I electronically filed the foregoing Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint with the Clerk of the above-captioned Court by using the CM/ECF system, which will provide notice and a copy of same to all parties of record.

By: /s/   Kenneth Walsh